UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY SULLIVAN, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-02-0701 |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| CORRECTIONS, ET AL., | : | (Judge McClure) |
| | : | |
| Defendants | : | |

## **ORDER**

October 11, 2005

**Background**

Anthony Sullivan ("Plaintiff") initiated this civil rights action pursuant to 42 U.S.C. § 1983 regarding his prior incarceration at the Mahanoy State Correctional Institution, Frackville, Pennsylvania ("SCI-Mahanoy"). Two SCI-Mahanoy officials, ex-Superintendent Martin Dragovich and Chief Psychologist Michael R. Youron, are named as Defendants.

Plaintiff, an African-American, maintains that while held at SCI-Mahanoy he was subjected to multiple parole denials because of his race. His complaint claims that

SCI-Mahanoy psychologists have admitted that they were required to prepare, alter, or amend the psychological reports of African-American inmates in order to negatively impact their parole eligibility.

By Order dated April 7, 2003, Plaintiff's motion to compel production of documents was granted in part. Specifically, Defendants were directed to submit: (1) copies of the requested confidential documents, sequentially numbered, to this Court under seal for <u>in</u> <u>camera</u> review; and (2) a chart showing the number of the document, a description of the document and the basis for privilege or need for confidential treatment. The Order also provided that a discovery conference would be scheduled to address any remaining discovery disputes.

On May 25, 2005, the parties were directed to submit either a joint status report or separate status reports addressing any discovery issues which they felt would require court intervention. In a subsequently filed Joint Status Report, the parties agree that the only matter presently requiring court resolution was the question of what type of protective order should be issued with respect to those documents sought by the Plaintiff which relate to the prison's psychological evaluation process.

## **Discussion**

Federal Rule of Civil Procedure 26 provides in relevant part as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
>
> . . .
>
> The frequency or extent of use of the discovery methods . . . shall be limited by the court if it determines that:  (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(1), (2).

It is well-settled that Rule 26 establishes a liberal discovery policy.

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor,

329 U.S. 495, 507-08 (1947);  Great West Life Assurance Co. v. Levithan, 152 F.R.D.

3

494, 497 (E.D. Pa. 1994). The parties do not dispute that the correctional records at issue are clearly relevant to the claims pending before this Court. They also do not object to the issuance of a protective order regarding the use of the correctional records which were previously submitted for in camera review by this Court. Thus, the only issue requiring a determination by this Court is what type of protective order should be issued.

Defendants indicate that they are concerned by the "chilling effect disclosure would have on future evaluations" if candid comments such as those contained in the in camera submissions are made available to Sullivan and Plaintiff's witnesses. Record document no. 8, p. 7. They add that the assessments in the documents are protected by the deliberative process privilege.

Plaintiff counters that the Defendants' reliance on the deliberative process privilege is misplaced because the decision making process itself is what is at issue in the present matter. This Court agrees that based on the nature of Plaintiff's claims, i.e., that he was subjected to discriminatory denials of parole, the Defendants' parole decision making process is the crux of this litigation.

The deliberative process privilege is not absolute. Redland Soccer Club v. Department of the Army, 55 F.3d 827, 854 (3d Cir. 1995). The party seeking

discovery bears the burden of showing that its need for the materials is greater than the government's interest.  In <u>Torres v. City University of New York</u>, 1992 WL 380561 (S.D.N.Y.  Dec. 3, 1992) , it was recognized that the deliberative process privilege may not be invoked to prevent disclosure of relevant information.  In <u>Redland</u>, the Third Circuit held that district court in rendering a decision regarding the deliberative process privilege should consider five (5) factors, the relevance of the evidence, the availability of other evidence; the issues involved;  the role of the government in the litigation; and the possibility of future timidity by government employees.

     In the present case, the requested material is clearly relevant, if not critical to the disposition of this matter.  There is also no indication that the requested information is available from any other source.  Based on a weighing of the parties' interests and  a review of their  respective proposed protective orders, it is the conclusion of this Court that the <u>in</u> <u>camera</u> documents at issue may be disclosed to Plaintiff's counsel, the legal assistants who are assisting counsel in the litigation of this matter and the Plaintiff.  However, those individuals are precluded from further dissemination of the <u>in camera</u> materials or the information contained therein unless they first obtain approval to do so from this Court.

With respect to the issue of whether the in camera submissions may be reviewed by the Plaintiff, Defendants argue that they hoped that once Plaintiff's counsel "had an opportunity to examine the vote sheets and psychological reports he would advise his client to voluntarily dismiss this action." Record document no. 8, p. 6. It is apparent to this Court that in order for Plaintiff's counsel to undertake a meaningful discussion with his client as to whether to proceed with this action, it would be necessary for counsel to review the actual vote sheets and psychological reports with his client.

Furthermore, it is the determination of this Court that the potential that release of the documents to the Plaintiff would have a chilling effect is lessened by the abundance of time which has elapsed since Sullivan's December 15, 1999 release from prison . It is additionally noted that all the requested confidential information pertains solely to the Plaintiff.

This Court will hold in abeyance a determination as to additional disclosure of the in camera submissions to any expert or non-expert witness. However, if the Plaintiff's counsel seeks a wider dissemination of the in camera submissions, he may file an appropriate motion. Any such motion should set forth precise reasons as to the need for additional disclosure, i.e., establish that the witness' testimony will

directly relate to the content of the in camera evidence.  A determination regarding the admissibility of the in camera evidence during trial shall be discussed at the pre-trial conference.  Finally, in order to ensure the timely disposition of this action, deadlines for completion of discovery and the filing of dispositive motions will be set.  Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Defendants' counsel is directed to provide Plaintiff's counsel with a copy of the documents submitted to the court in camera.

2. The request for issuance of a protective order is granted.

3. Plaintiff's counsel is granted leave to disclose the Defendants' in camera confidential submissions to:  (1) any legal assistant directly employed by Plaintiff's counsel with respect to the litigation of this matter, and (2) the Plaintiff.

4. The above described individuals are specifically ordered that they may not provide, reveal, or discuss the contents of the in camera evidence to any additional persons without prior court approval.

5. If Plaintiff's counsel seeks wider disclosure of the in camera submissions to any expert or non-expert witness, he may file an

       appropriate motion with this Court which clearly identifies the witness and details the relevance of the witness' testimony to the in camera submissions.

6. The in camera evidence may not be employed for any purpose other than the prosecution of this matter.

7. Upon final termination of this action, the in camera evidence shall be returned to Defendants' counsel.

8. Any determination regarding the admissibility of the in camera evidence at trial shall be addressed at the pre-trial conference.

9. The parties shall conclude discovery by January 14, 2006.

10. Any proposed dispositive motions may be submitted on or before February 14, 2006.

                                            s/ James F. McClure, Jr.
                                            JAMES F. McCLURE, JR.
                                            United States District Judge