UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY SULLIVAN, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-02-0701 |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| CORRECTIONS, ET AL., | : | (Judge McClure) |
| | : | |
| Defendants | : | |

**MEMORANDUM**

March 2, 2007

**Background**

This civil rights action pursuant to 42 U.S.C. § 1983 was filed by Anthony Sullivan regarding his prior incarceration at the Mahanoy State Correctional Institution, Frackville, Pennsylvania ("SCI-Mahanoy"). Plaintiff is represented by counsel.

The Remaining Defendants are two (2) SCI-Mahanoy officials, ex-Superintendent Martin Dragovich and Chief Psychologist Michael R. Youron. The gist of the complaint is Sullivan's assertion that he was subjected to multiple discriminatory parole denials because he is an African-American.

The Remaining Defendants have filed a motion for judgment on the pleadings or in the alternative requesting entry of summary judgment. <u>See</u> Record document no. 31. The motion was supported with a brief, three (3) affidavits and a portion of Sullivan's February 25, 2006 deposition testimony. The affidavits were from Youron, Dragovich, and Victoria Malone.

Plaintiff responded in part by filing a motion to strike the affidavits on the grounds that they were not timely submitted in accordance with Middle District of Pennsylvania Local Rule 7.3. <u>See</u>  Record document no. 39. Sullivan additionally contends that he was prejudiced by the delayed filing.

Also pending before this Court is the Remaining Defendants' motion to strike (Record document no. 41) paragraphs 10 & 11 of the Plaintiff's June 29, 2006 declaration which was submitted in opposition to their pending dispositive motion. Both motions are ripe for disposition.

**<u>Discussion</u>**

**Plaintiff's Motion To Strike**

Plaintiff correctly notes that the Remaining Defendants submitted a motion for judgment on the pleadings or in the alternative for summary judgment on June 15, 2006. Accompanying the motion was a statement of undisputed material facts. Thereafter, on June 29, 2006, the Remaining Defendants filed a brief supporting their

motion. The supporting brief included supporting affidavits from the two Remaining Defendants, Youron and Dragovich, as well as one from Victoria Malone.[1]

Sullivan states that his answer to the motion was due on June 29, 2006 "the same day that the Brief and the affidavits supporting the Motion were filed." Record document no. 39, ¶ 5. He asserts that the Remaining Defendants have refused to explain why it was not practicable to file the affidavits with their motion as contemplated by Local Rule 7.3. Sullivan concludes that since he was not given opportunity to review the affidavits before the filing of his answer to the summary judgment motion, he was prejudiced. Accordingly, Plaintiff asks that the affidavits be stricken from the record.

The Remaining Defendants counter that the Plaintiff was not required to submit an answer to their dispositive motion. Moreover, they note that the challenged documents were submitted within ten (10) days of the filing of the motion as permitted under Local Rule 7.3. Moreover, since Sullivan had fifteen (15) days in which to file a response to their supporting brief and declarations under penalty of perjury, his claim of prejudice is not compelling.

Local Rule 7.3 provides as follows:

---

[1] The Remaining Defendants note that the affidavits were actually declarations submitted under penalty of perjury.

3

> When allegations of fact are relied upon in support of a motion, all pertinent affidavits, transcripts of depositions, and other documents must be filed simultaneously with the motion whenever practicable. In any event, such supporting documents must be filed within ten (10) days after the motion has been filed, unless otherwise ordered by the court. All supporting exhibits and documents shall be filed and identified in the manner required under LR 5.1(f).

As noted under Local Rule 7.3, while the preferred practice is for supporting declarations to accompany the motion, as long as the supporting documents are submitted within ten (10) days of the filing of the motion, there is no procedural violation. Accordingly, since the challenged declarations were filed within ten (10) days of the submission of the dispositive motion, Plaintiff's motion to strike will be denied.

**Defendants' Motion to Strike**

Also pending is the Remaining Defendants' motion to strike ¶¶ 10 &11 of the Plaintiff's affidavit in opposition to their dispositive motion. See Record document no. 41. They assert that the two challenged paragraphs do not comply with Federal Rule of Civil Procedure 56(e) because they are inadmissible hearsay.

Specifically, the Remaining Defendants contend that those paragraphs are inadmissible hearsay because they reference statements attributed to unidentified persons and fired employees. They add that because Plaintiff is not an expert, his opinion, no matter how firmly held, is not competent testimony.

4

Plaintiff counters that ¶ 10 shows when and how Sullivan first learned that Defendant Youron had directed his staff to falsify psychological reports.  Sullivan adds that ¶ 11 provides the foundation for his belief that he had been subjected to racial discrimination.  He concludes that the two challenged statements are relevant to his state of mind and therefore admissible.

> ¶ 10 of the Plaintiff's affidavit provides:
>
>> "In the year 2001, I learned that defendant Youron had directed his staff to falsify psychological reports for parole staffings of minority inmates, in order to prevent their parole.
>
> In ¶ 11, Sullivan states as follows:
>
>> ... based on the evidence available, including statements made by former psychological staff concerning Youron's discriminatory practices, it is my firm belief that I was denied parole due to my race, and for no other reason.

In their supporting brief, the Remaining Defendants acknowledge that the challenged statements are properly admitted for the purpose of showing when Sullivan became aware of the existence of allegations of alleged discriminatory conduct by Youron.  See Record document no. 44, p. 4.  Based upon the acknowledgment by the Remaining Defendants that there is a legitimate non-hearsay basis which permits the introduction of the challenged paragraphs, their motion to strike will be denied. Consequently,

5

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to strike affidavits (Record document no. 39) is DENIED.

2. The Remaining Defendants' motion to strike (Record document no. 41) a portion of Plaintiff's affidavit is DENIED.


                s/ James F. McClure, Jr.
              James F. McClure, Jr.
              United States District Judge