UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY SULLIVAN, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-02-0701 |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| CORRECTIONS, ET AL., | : | (Judge McClure) |
| | : | |
| Defendants | : | |

**M E M O R A N D U M**

March 30, 2007

**BACKGROUND:**

Anthony Sullivan initiated this civil rights action pursuant to 42 U.S.C. § 1983 regarding his  prior incarceration at the Mahanoy State Correctional Institution, Frackville, Pennsylvania ("SCI-Mahanoy").  The remaining defendants are two SCI-Mahanoy officials, ex-Superintendent Martin Dragovich and Chief Psychologist Michael R. Youron.

Plaintiff was released from SCI-Mahanoy on December 15, 1999 after serving a total of nine years, four months, and twenty-one days.  His minimum sentence had

expired on January 24, 1998.  His present complaint alleges he was subjected to

multiple parole denials solely because he is an African-American.

In December, 1997, plaintiff was initially considered for and denied release on

parole by the Pennsylvania Board of Probation and Parole ("Parole Board").  A

second parole denial occurred on July 30, 1998.  On February 4, 1999, plaintiff was

granted parole pursuant to a proposed home plan which included a provision that

plaintiff would reside with his brother in North Carolina.   However, this favorable

decision was temporarily suspended when the State of North Carolina refused to

accept Sullivan as an interstate parole supervision case.  Thereafter, on September 24,

1999, the Parole Board again granted plaintiff release based on a home plan which

provided that he would reside within the Commonwealth of Pennsylvania.

In his present action, plaintiff indicates that a favorable psychological report is

usually required in order  to obtain a positive parole decision.  Plaintiff alleges that

defendant Youron directed staff psychologists at SCI-Mahanoy to alter or amend

positive psychological reports for African-American inmates so they were negative

and would likely lead to a parole denial.  Plaintiff further alleges that defendant

Dragovich condoned Youron's conduct.

On September 16, 2002, plaintiff filed a motion to compel production of certain documents, namely plaintiff's psychology reports, vote sheets from his parole applications, and other documents relevant to the parole review process.  (Rec. Doc. No. 6.)  Defendants opposed the motion, arguing that the documents in question were confidential. (Rec. Doc. No. 8.)  On April 7, 2003, we ordered defendant to provide the court with certain documents for in camera review.  Then, on October 11, 2005, we directed defendants to provide plaintiff's counsel with a copy of the documents submitted for in camera review.

On March 16, 2006, plaintiff filed another motion to compel discovery.  (Rec. Doc. No. 25.)  The motion requested a complete and unredacted copy of an investigation report made concerning defendant Youron.  Defendant had previously provided plaintiff with a redacted version of the report.  On March 2, 2007, after reviewing the unredacted version of the investigation report in camera, we ordered defendant to provide plaintiff with certain unredacted portions of the report, but found that certain other portions could be kept confidential.

On June 15, 2006, defendants filed a motion for judgment on the pleadings and for summary judgment.  (Rec. Doc. No. 31.)  The motion has been fully briefed and is

3

ripe for consideration.  Now, for the following reasons, we will grant defendants'
motion for summary judgment.

## DISCUSSION:

### I.  Judgment on the Pleadings

The defendants have filed a motion for judgment on the pleadings and for
summary judgment.  As correctly pointed out by the plaintiff, the supporting brief
filed by the defendants does not make any argument as to why judgment on the
pleadings should be granted.  (Rec. Doc. No. 38, at 6.)  Hence, plaintiff argues that the
motion to the extent that it requests entry of judgment on the pleadings should be
deemed abandoned.

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for
judgment on the pleadings "after the pleadings are closed but within such time as not
to delay trial . . ."  Under Rule 12(c), "judgment will not be granted unless the movant
clearly establishes that no material issue of fact remains to be resolved and that he is
entitled to judgment as a matter of law."  Jablonski v. Pan American World Airways,
Inc., 863 F.2d 289, 290 (3d Cir. 1988) (citation omitted).  As with a motion to dismiss
under Rule 12(b)(6), the "Court 'views the facts alleged in the pleadings and the

inferences to be drawn from those facts in the light most favorable to the plaintiff.'"
Mele v. FRB, 359 F.3d 251, 253 (3d Cir. 2004) (quoting Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir. 2002)).

Defendants' supporting brief provides a detailed analysis of the applicable standards governing summary judgment motions.  (Rec. Doc. No. 33, at 4-12.) However, there is no such discussion regarding their request for judgment on the pleadings.  (Id.)  Second, a liberal reading of the supporting brief indicates that at most the defendants are pursuing one argument for judgment on the pleadings, namely that plaintiff's claims are barred by the statute of limitations.  (Id., at 4-9.)

In support of their untimeliness argument, the defendants have submitted and relied upon factual evidence outside of the pleadings, including the plaintiff's deposition testimony.  (Id. at 8-9.)   Because Rule 12(c) explicitly states that if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment," we will treat the motion as such and dispose of as provided in Rule 56.

## II.  Motion for Summary Judgment

The defendants assert that they are entitled to an entry of summary judgment on the grounds that: (1) the claims asserted against the defendants are barred by the applicable statute of limitations; (2) the  undisputed evidence establishes that defendant Youron did not take into consideration the Plaintiff's race and the prison's Psychology Department always voted in favor of the Plaintiff's release on parole; and (3) defendant Dragovich was not aware of an allegation of racial bias until after plaintiff was already afforded release on parole.

## A. Legal Standard

A district court may properly grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those which might affect the outcome of the suit.  Id.; Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004).

Regardless of who bears the burden of persuasion at trial, the party moving for summary judgment has the burden to show an absence of genuine issues of material

fact.  Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996)

(citations omitted).  To meet this burden when the moving party does not bear the

burden of persuasion at trial, the moving party must show that the evidentiary

materials of record, if reduced to admissible evidence, would be insufficient to carry

the nonmovant's burden of proof at trial.'" Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d

Cir. 1989) (quoting Chippolini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d. Cir.

1987)); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  More simply put, a

party moving for summary judgment who does not bear the burden of persuasion at

trial is not required to negate the nonmovant's claim, but only point out a lack of

evidence sufficient to support the nonmovant's claim.  Country Floors, Inc. v.

Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1991).

To the contrary, when the moving party bears the burden of persuasion at trial,

it must point to evidence in the record that supports its version of all material facts and

demonstrate an absence of material facts.  National State Bank v. Federal Reserve

Bank, 979 F.2d 1579, 1582 (3d Cir. 1992).  If the moving party does not meet this

burden, the court must deny summary judgment even if the nonmoving party does not

produce any opposing evidence.  Id.

Once the moving party meets its burden of showing an absence of genuine

issues of material fact, the nonmoving party must provide some evidence that a issue

of material fact remains.  Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.

574, 586 (1986).  The nonmoving party, however, cannot do so by merely offering

general denials, vague allegations, or conclusory statements; rather the party must

point to specific evidence in the record that creates a genuine issue as to a material

fact.  Celotex, 477 U.S. at 32; Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d

238, 252 (3d Cir. 1999).

B. Statute of Limitations Issue

The defendants initially argue that Sullivan's claims are barred by

Pennsylvania's applicable two year statute of limitations.  They maintain "that as early

as August of 1997, Sullivan felt the psychology department's actions in his case were

suspicious."  (Rec. Doc. No. 33, at 8.)  Specifically, they point to plaintiff's deposition

testimony in which plaintiff discusses how prison staff psychologist Kerry Dennison

changed plaintiff's August, 1997 psychological report from one of straight parole to a

recommendation of parole to a community corrections center.  (Id.)

Plaintiff counters with an opposing affidavit wherein he states that he did not

become aware that he might have a civil rights claim until 2001 (one year prior to

8

filing this action), after learning of allegations that psychology reports for African American inmates had been changed for discriminatory purposes.  (Rec. Doc. No. 38, at 7.)  Sullivan adds that inmates are not granted access to the psychological reports prepared for parole staffing and thus, was not aware of a possible discrimination claim until allegations of racial discrimination against defendant Youron became public in 2001.  (Id. at 8.)

In reviewing the applicability of the statute of limitations to an action filed pursuant to § 1983, a federal court must apply the appropriate state statute of limitations which governs personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 276 (1985); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 457 n.9, 25 (3d Cir. 1996).  The United States Supreme Court clarified its decision in Wilson when it held that "courts considering § 1983 claims should borrow the general or residual [state] statute for personal injury actions."  Owens v. Okure, 488 U.S. 235, 250 (1989); Little v. Lycoming County, 912 F.Supp. 809, 814 (M.D. Pa. 1996).  Therefore, in the present case, we will apply Pennsylvania's personal injury statute of limitations, which is two years.  42 Pa.C.S.A. § 5524(7); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir.), cert. denied, 474 U.S. 950 (1985).

The next issue is when the limitations period begins to run, which is a question of federal law.  Gentry v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991) Under the application of what is known as the discovery rule, a cause of action accrues not on the date that the wrong that injures plaintiff occurs, but on the date on which the plaintiff discovers, or by exercising reasonable diligence should have discovered, the injury and that the injury was caused by another party's conduct. Oshiver v. Levin, Fishbein, Sedran, & Berman, 38 F.3d 1380, 1385 (3d Cir. 1993). Furthermore, courts have held that the plaintiff need only realize that an injury occurred, not that the injury constituted a legal wrong.  Id. at 1386 (quoting Keystone Insurance Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988).

Furthermore, the doctrine of equitable tolling can operate to stop the statute of limitations from running even though the claim's accrual date has passed.  Id. at 1387. The Third Circuit has provided three situations, though not exclusive, in which equitable tolling may be appropriate: 1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; 2) where the plaintiff in some extraordinary way has been preventing from asserting his or her rights; or 3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.  Id. (citations omitted).  Furthermore, the Third Circuit has noted that equitable tolling

may be appropriate where it is shown that the plaintiff exercised reasonable diligence in bringing his claims, even if plaintiff knew he was injured.  Campbell v. Kelly, 87 Fed. Appx. 234, 236 (3d Cir. 2003).

Based upon an application of the above standards to the parties' respective factual contentions, there are material facts in dispute as to when plaintiff's claim accrued.  Even if it is undisputed, defendants' argument that plaintiff stated he had knowledge in August 1997 that his psychology report was changed from straight out to parole to parole to a community center is not sufficient to establish discovery.  It does not prove when plaintiff knew the change may have been due to racial discrimination by defendant Youron.  Furthermore, plaintiff's affidavit states that he did not become aware of possible racial discrimination until allegations against defendant Youron became public in 2001.  Therefore, there are clearly disputed facts as to when plaintiff learned that discrimination may have occurred by defendant Youron and we therefore cannot conclude as a matter of law that plaintiff's claim is barred by the statute of limitations.

### C. Alleged Discrimination Against Plaintiff

As a preliminary matter, we note that on March 2, 2007, we granted in-part plaintiff's motion to produce an unredacted version of an investigation report made

11

concerning defendant Youron.  In that order, we ordered defendants to provide certain unredacted portions within twenty days.  Although plaintiff prepared his opposition to defendants' motion for summary judgment prior to receiving this information, we have yet to receive any request for additional time to amend his opposition.  Due to the length of time the defendants' motion has been pending, the fact that plaintiff has not requested additional time to challenge the motion, and the fact that we have reviewed this evidence thoroughly on its own and not found anything that would change the outcome of our ruling, we will not delay ruling on the motion.

Plaintiff has brought a claim under 42 U.S.C. § 1983.  In order for plaintiff to prevail under 42 U.S.C. § 1983 he must establish two elements: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.  Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).

Plaintiff has complained that he was denied parole due to the discriminatory practices of defendant Youron and the knowing condonation by defendant Dragovich.  Thus, his § 1983 claim is based on an alleged violation of the Equal Protection and Due Process clauses of the Fourteenth Amendment.  The Equal Protection clause

12

requires that government officials not discriminate on the basis of race unless their purpose is narrowly tailored to further a compelling governmental interest.  <u>Adarand Constructors, Inc. v. Peña</u>, 515 U.S. 200, 227 (1995).  This heightened standard applies despite the fact that plaintiff is in prison.  <u>Johnson v. California</u>, 543 U.S. 499, 506-07 (2005).  Similarly, we have no doubt that parole decisions based on race would violate an individual's constitutional right to due process.

The defendants claim that summary judgment is appropriate on the grounds that "[t]he undisputed record shows that Mr. Youron never attempted to influence the vote of any member of the psychology department and never considered the inmate's race when directing subordinates to amend their psychological reports."  (Rec. Doc. No. 33, at 11.)  Furthermore, they argue that defendant Dragovich only became aware of any alleged discrimination by defendant Youron until after plaintiff was granted parole.  (<u>Id.</u> at 12.)

Plaintiff, on the other hand, first argues that a favorable psychological report is usually needed in order to obtain parole.  (Rec. Doc. No. 37, Ex. A, at 5.)  Secondly, plaintiff provides evidence which supports the conclusion that defendant Youron directed staff psychologists to change the reports of African-American inmates for discriminatory reasons.  (<u>Id.</u>, Ex. B, at 2-4.)  Finally, plaintiff has provided evidence that defendant Dragovich knew of alleged discrimination prior to plaintiff's release on parole.  (<u>Id.</u>, Ex. A, at 2-3.)  Thus, there clearly are disputed facts as to whether

defendant Youron discriminated against African-American inmates and whether defendant Dragovich condoned such conduct.

Nevertheless, this does not end our analysis.  The fact that defendant Youron may have discriminated against some African-American inmates is not sufficient to establish that defendant Youron discriminated against plaintiff.  In order for plaintiff to avoid summary judgment, he must provide enough evidence from which a reasonable jury could conclude that defendant Youron discriminated against <u>him</u> specifically and thus violated <u>his</u> constitutional rights.  We have not been provided with any such evidence.  To the contrary, the evidence appears to suggest that even if defendant Youron did discriminate against some African-American inmates when preparing psychological reports, he did not discriminate against plaintiff.  A brief review of the evidence will show this.   The following information is taken from the set of documents produced by defendants for <u>in</u> <u>camera</u> review pursuant to our April 7, 2003 order and then ordered to be provided to plaintiff's counsel on October 11, 2005.[1]

Plaintiff's minimum sentence expired on January 24, 1998.  He was first considered for parole as his minimum sentence approached.  In preparation for this parole consideration, a psychological report was prepared on July 9, 1997 by a staff psychologist and reviewed and signed by defendant Youron.  This report

---

[1] Its important to note that these documents have <u>not</u> been placed on the docket.

recommended that "he be paroled to a community corrections center" to "help him make a gradual adjustment to the community."   Then, on August 18, 1997, a vote sheet was prepared by the Department of Corrections in order to aid the Parole Board in its consideration of plaintiff. On this vote sheet, the psychology department voted in favor of parole, commenting that plaintiff is "making strides in therapy training" but specifically noted that the department is only voting in favor of parole to a community corrections center.  Defendant Dragovich disapproved of parole, commenting that plaintiff has a "history of violent behavior."  The ultimate recommendation of the Department of Corrections was against parole.  Plaintiff was then denied parole on January 24, 1998.

Another psychological report was prepared on April 23, 1998 by a staff psychologist and reviewed and signed by defendant Youron.  This report made no specific recommendation to the Parole Board, but did recommend "close parole supervision."  On May 18, 1998, the Department of Corrections prepared a vote sheet which included a vote in favor of parole from the psychology department and also from defendant Dragovich.  The ultimate recommendation of the Department of Corrections was in favor of parole.  Plaintiff was then denied parole on June 24, 1998.

On November 2, 1998, the Department of Corrections prepared another vote sheet which included a vote in favor of parole from both the psychology department as

well as defendant Dragovich.[2]  On this sheet, defendant Youron himself is listed as the member of the psychology department who cast this positive vote and commented that plaintiff "appears matured, good insight, appropriate plans."  The ultimate recommendation of the Department of Corrections was in favor of parole.  Plaintiff was granted parole on February 4, 1999 pursuant to a proposed home plan which included a provision that plaintiff would reside with his brother in North Carolina.  However, this favorable decision was temporarily suspended when the State of North Carolina refused to accept Sullivan as an interstate parole supervision case.

Finally, plaintiff's last psychology report was prepared on June 16, 1999 by a staff psychologist and approved and signed by defendant Youron.  Again this report made no specific recommendation to the parole board, but stated "[i]f granted parole, an environment that would provide [plaintiff] with structure and support would be most beneficial."  Then, on June 28, 1999 the Department of Corrections prepared another vote sheet containing a vote in favor of parole from both the psychology department and defendant Dragovich.  The ultimate recommendation by the Department of Corrections was in favor of parole.  Thereafter, on September 24, 1999, the Parole Board again granted plaintiff release based on a home plan which provided that he would reside within Pennsylvania.

---

[2] It appears that no new psychology report was prepared for this parole consideration because the April 23, 1998 report was still valid.

16

Thus, it appears that the psychology department voted in favor of some form of parole every single time a vote occurred.  Plaintiff even admits that this is the case in his statement of material facts, noting that "although the psychology staff voted in favor of parole on each occasion, plaintiff was subsequently denied parole by the Parole Board on each of the first three occasions."  (Rec. Doc. No. 37, at 4.)

Therefore, as to the second parole denial that occurred on June 24, 1998 and the favorable decision to parole on February 4, 1999 that was later suspended, both the psychology department and the Department of Corrections in general recommended parole to the Parole Board.  The Parole Board then ended up denying parole on each occasion, and by doing so, it appears that it did not follow the recommendations. Although plaintiff argues that the psychology department could have recommended parole on the vote sheet and then orally recommended denying parole off the record, there is absolutely no evidence that this is the case.  Thus, there is no possibility that a reasonable jury could find that discrimination alleged by plaintiff played any role in these parole denials.

As to the first denial that occurred on January 24, 1998, the psychology department voted in favor of parole to a community corrections center.  Additionally, defendant Dragovich recommended not to parole plaintiff and the ultimate recommendation of the Department of Corrections was not to parole plaintiff.  The Parole Board denied parole, evidently following the recommendation of defendant

Dragovich but not the psychology department.  Although defendant Dragovich's

recommendation may have influenced the Parole Board's decision, there are no

allegations in this case that he himself discriminated against plaintiff or African-

Americans in general.   The only allegation against him is that he knowingly

condoned defendant Youron's behavior.  Furthermore, even if it could be concluded

that the psychology department's recommendation to parole only to a community

corrections center somehow influenced the Parole Board's decision to deny parole

entirely, there is no evidence that discrimination may have played a role in the

psychology department's recommendation, other than the general evidence of

discrimination that exists.  Again, we reiterate that plaintiff must prove that he was

discriminated against specifically.  Otherwise, every single African-American inmate

who was at the institution while defendant Youron was there and who was denied

parole after receiving anything less than a straight out to parole recommendation from

the psychology department would be able to bring a § 1983 claim and avoid summary

judgment.  Thus, we find that there is no possibility that a reasonable jury could find

that discrimination alleged by plaintiff played a role in his parole denial.

**<u>CONCLUSION:</u>**

Having found that plaintiff has failed to produce sufficient evidence to allow a reasonable jury to conclude that his constitutional rights were violated based on racial discrimination by defendant Youron and the knowing condonation by defendant Dragovich, we find that summary judgment in favor of the defendants is appropriate.


                                    s/ James F. McClure, Jr.
                                    JAMES F. McCLURE, JR.
                                    United States District Judge


UNITED STATES DISTRICT COURT

FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY SULLIVAN,                    :
                                     :
          Plaintiff                  :
                                     :
     v.                              :          CIVIL NO. 4:CV-02-0701
                                     :
PENNSYLVANIA DEPARTMENT OF           :
CORRECTIONS, ET AL.,                 :          (Judge McClure)
                                     :
          Defendants                 :

# **O R D E R**

March 30, 2007

In accordance with the accompanying Memorandum, **IT IS HEREBY**

**ORDERED THAT:**

1.     Defendants motion for summary judgment is GRANTED.  (Rec.

Doc. No. 31.)

2.     Final judgment is entered in favor of all defendants and against

plaintiff.

3.     The clerk is directed to close the case file.

   s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge